## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| | : Chapter 7 |
| Tri-Valley Corporation, *et al.*,[1] | : |
| | : Case No. 12-12291 (MFW) |
| Debtors. | : |
| | : **Objection Deadline:  April 15, 2015 at 4:00 p.m.** |
| | : **Hearing Date:  April 22, 2015 at 2:00 p.m.** |
| CHARLES A. STANZIALE, JR., in his capacity as the Chapter 7 Trustee of Tri-Valley Corporation, *et al.*, | : |
| | : |
| | : |
| | : |
| Plaintiff. | : |
| | : |
| v. | : |
| | : |
| Alliance Funding Group, Inc., | : Adv. Pro. No. 14-50441 (MFW) |
| | : |
| Defendant. | : |
| | : |
| | : |

## NOTICE OF HEARING ON TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT OF AVOIDANCE ACTION PURSUANT TO FED. R. BANKR. P. 9019

**PLEASE TAKE NOTICE** that on March 27, 2015, Charles A. Stanziale, Jr., as Chapter 7 Trustee (the "Chapter 7 Trustee") in the above-captioned cases filed the *Trustee's Motion for Approval of Settlement of Avoidance Action Pursuant to Fed. R. Bankr. P. 9019* (the "Motion") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 (the "Bankruptcy Court").  You are being served a copy of the Motion in conjunction with this Notice.

**PLEASE TAKE FURTHER NOTICE** that any objections to the Motion must be made in writing, filed with the Bankruptcy Court, and served upon, so actually received by the

---

[1] The Debtors in these cases are: Tri-Valley Corporation, Tri-Valley Oil & Gas, Co., and Select Resources Corporation, Inc.

undersigned counsel for the Chapter 7 Trustee on or before **April 15, 2015 at 4:00 p.m.** prevailing Eastern Time.

**PLEASE TAKE FURTHER NOTICE** that if any objection is filed, a hearing on the Motion may be held before the Honorable Mary F. Walrath in the Bankruptcy Court, 824 Market Street, 5th Floor, Courtroom #4, Wilmington, Delaware 19801 on **April 22, 2015 at 2:00 p.m.** prevailing Eastern Time.

**PLEASE TAKE FURTHER NOTICE** that if no objection is timely filed in accordance with the procedures enumerated above, the Bankruptcy Court may enter an Order without further notice or hearing.

Dated: March 27, 2015
      Wilmington, Delaware

CIARDI CIARDI & ASTIN

*/s/ Joseph J. McMahon, Jr.*
Daniel K. Astin (No. 4068)
John D. McLaughlin, Jr. (No. 4123)
Joseph J. McMahon, Jr. (No. 4819)
1204 N. King Street
Wilmington, Delaware 19801
Tel:  (302) 658-1100
Fax:  (302) 658-1300
jmcmahon@ciardilaw.com

*Special Counsel for the Chapter 7 Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| | :   Chapter 7 |
| Tri-Valley Corporation, *et al.*,[2] | : |
| | :   Case No. 12-12291 (MFW) |
| Debtors. | : |
| | :   **Objection Deadline: April 15, 2015 at 4:00 p.m.** |
| | :   **Hearing Date: April 22, 2015 at 2:00 p.m.** |
| CHARLES A. STANZIALE, JR., in his capacity as the Chapter 7 Trustee of Tri-Valley Corporation, *et al.*, | : |
| | : |
| | : |
| | : |
| Plaintiff. | : |
| | : |
| v. | : |
| | : |
| Alliance Funding Group, Inc., | :   Adv. Pro. No. 14-50441 (MFW) |
| | : |
| Defendant. | : |
| | : |

## TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT OF AVOIDANCE ACTION PURSUANT TO FED. R. BANKR. P. 9019

Charles A. Stanziale, Jr. (the "Trustee" or "Plaintiff"), in his capacity as the Chapter 7

Trustee of the estates of Tri-Valley Corporation, *et al* (the "Debtors"), by and through his

undersigned counsel, hereby moves this Court for entry of an Order Approving Settlement of

Avoidance Action Pursuant to Fed. R. Bankr. P. 9019 (the "Motion"), and in support thereof,

states as follows:

### JURISDICTION, VENUE, PREDICATES FOR RELIEF

1.      The United States Bankruptcy Court for the District of Delaware (the

"Bankruptcy Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §1334(b).

---

[2] The Debtors in these cases are: Tri-Valley Corporation, Tri-Valley Oil & Gas, Co., and Select Resources Corporation, Inc.

This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The predicate for the relief requested herein is Bankruptcy Rule 9019.

## BACKGROUND

4.      On August 7, 2012 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware.

5.      On March 25, 2013, an Order was entered converting the Debtors' Chapter 11 bankruptcy cases to cases under Chapter 7 of the Bankruptcy Code.

6.      On March 26, 2013, the Office of the United States Trustee for the District of Delaware appointed Charles A. Stanziale, Jr. as Chapter 7 Trustee.

7.      On November 14, 2014, the Bankruptcy Court entered an Order authorizing the employment of Ciardi Ciardi & Astin as special counsel to the Trustee, *nunc pro tunc* to August 6, 2014.

8.      In accordance with his duties under the Bankruptcy Code, the Trustee investigated the estates' potential causes of action to avoid transfers pursuant to section 547 of the Bankruptcy Code.

9.      The Trustee has settled (the "Settlement"), subject to Bankruptcy Court approval, a preference action ("Preference Action") with Alliance Funding Group, Inc. ("Alliance") and Wells Fargo Financial Leasing, Inc. ("WFFL") (together, the "Settling Parties").

10.     The Trustee seeks Bankruptcy Court approval for the Settlement.

## SUMMARY OF SETTLEMENT[3]

11.    In full and final settlement of the Avoidance Action against Alliance, wherein the Trustee sought the avoidance and recovery of $5,930.75, WFFL will pay the sum of $1,500.00 to the Trustee for the benefit of the Debtors' estates and their creditors.  Additionally, Alliance, WWFL and the Trustee each grant and accept mutual releases of claims as more fully set forth in the settlement agreement.

## RELIEF REQUESTED

12.    By this Motion, the Trustee seeks entry of an order, substantially in the form of the Proposed Form of Order, approving the Settlement.

13.    Bankruptcy Rule 9019 governs the approval of compromises and settlements, and provides as follows:

> On motion by the Trustee and after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019.

14.    The settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged and "generally favored."  *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006); *see also Matter of Penn Central Transp. Co.*, 596 F.2d 1102, 1113 (3d Cir. 1979) ("In administrating reorganization proceedings in an economical and practical matter it will often be wise to arrange the settlement of claims . . .") (internal citation marks and quotation marks omitted).

15.    In determining the fairness and equity of a compromise in bankruptcy, the United States Court of Appeals for the Third Circuit has stated that it is important that the bankruptcy

---

[3] This summary is included solely for ease of reference but is in no way controlling over terms contained in the respective settlement agreements.

court "apprise[] [it]self of all facts necessary [to form] an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated, [and] estimate . . . the complexity, expense and likely duration of such litigation . . . all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Matter of Penn Central Transp. Co.*, 596 F.2d at 1114; *see also In re Marvel Entm't Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (describing the "ultimate inquiry to be whether the compromise is fair, reasonable, and in interest of the estate") (internal citations and quotation marks omitted).

16.     The United States Court of Appeals for the Third Circuit has enumerated four factors that should be considered in determining whether a compromise should be approved: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968)); *accord In re Nutraquest, Inc.,* 434 F.3d 639, 644 (3d Cir. 2006).

17.     Furthermore, the decision to approve a compromise is "within the [sound] discretion of the bankruptcy court." *In re World Health Alternatives, Inc.*, 344 B.R. at 296.  In making its decisions, the bankruptcy court should not substitute its judgment for that of the debtor.  The court is not to decide the numerous questions of law or fact raised by the litigation, but rather should canvas the issues to determine "whether the settlement fall[s] below the lowest point in the range of reasonableness." *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 22 (1983) (internal citations and quotations omitted); *see also In re World Health Alternatives, Inc.*, 344 B.R. at 296 (stating that "the court does not

have to be convinced that the settlement is the best possible compromise. Rather, the court must conclude that the settlement is within the range of litigation possibilities") (internal quotation marks and citations omitted).

18.     In passing upon the reasonableness of a proposed compromise, the Court "may give weight to the opinions of the Trustee, the parties and their counsel in determining the reasonableness of the proposed settlement." *In re Bell & Beckwith*, 77 B.R. 606, 612 (Bankr. N.D. Ohio), *aff'd*, 87 B.R. 412 (N.D. Ohio 1987); *accord In re Ashford Hotels Ltd.*, 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for the Trustee's, but only that I test his choice for reasonableness . . . . If the Trustee chooses one of two reasonable choices, I must approve that choice, even if, all things being equal, I would have selected the other") (internal citations omitted).

19.     The Trustee believes that the Settlement rises well above the "lowest point in the range of reasonableness." Additionally, as discussed more fully below, each of the applicable *Martin* factors set forth above weighs in favor of approving the Settlement.[4] The Court should therefore approve the Settlement pursuant to Bankruptcy Rule 9019 and applicable law.

**Probability of Success in Litigation**

20.     Absent the Settlement, the claims would have to be litigated with no assurances of favorable outcomes for the Debtors' estates. The resolution of the claims under the terms and conditions of the Settlement is a favorable outcome for the Debtors' estates and their creditors because the resolution will save the Debtors' estates from incurring significant attorneys' fees and expenses in any attendant litigation and protect the Debtors from the risk of an unfavorable

---

[4] The Trustee believes that the Settlement does not present any issues regarding the second *Martin* factor (consisting of likely difficulties in collection). Therefore, this factor weighs neither in favor nor against approval of the Settlement Agreement.

outcome. Indeed, the Trustee evaluated and considered the merits of any affirmative defenses asserted by the Settling Parties when entering into the Settlement.

**Complexity of Litigation Involved, and Expense, Inconvenience, and Delay Necessarily Attending the Litigation**

21.    The claims involve sufficiently complex legal and factual issues regarding the alleged transfers that may be avoidable under chapter 5 of the Bankruptcy Code, which could potentially require protracted litigation. Among other things, litigation would be expensive for the Debtors' estates. The Settlement avoids these obstacles in favor of a prompt and efficient resolution without the need to expend further estate resources.

**Paramount Interest of Creditors**

22.    Finally, entry into the Settlement also serves the paramount interest of the creditors of the Debtors' estates. Resolution of the claims through the Settlement represents a successful outcome for the Debtors' creditors by obviating the need for potentially protracted litigation and the expenses necessarily attendant to such litigation. The fourth *Martin* factor is therefore satisfied and weighs heavily in favor of the Court approving the Settlement.

23.    Based on the foregoing, the Trustee submits that approval of the Settlement is in the best interests of the Debtors' estates and their creditors because it eliminates the possibility of any protracted litigation with the Settling Parties, eases the administrative burden on these estates, and provides for a recovery in the amount of $1,500.00 for the benefit of the Debtors' estates and their creditors. The Settlement therefore represents a compromise between the parties that is fair and equitable and in the best interests of the Debtors' estates and their creditors.

**NOTICE**

24.    The Trustee has served notice of this Motion on the United States Trustee, the

Settling Parties, and parties who are required notice under Bankruptcy Rule 2002.

25.    No prior request for the relief sought herein has been made to any court.

## **CONCLUSION**

WHEREFORE, Plaintiff respectfully requests that this Court enter the attached Proposed Form of Order granting Trustee's Motion approving the Settlement and granting such other and further relief as the Court deems just and equitable.


Dated: March 27, 2015                                  CIARDI CIARDI & ASTIN
            Wilmington, Delaware


                                                              */s/ Joseph J. McMahon, Jr.*
                                                              Daniel K. Astin (No. 4068)
                                                              John D. McLaughlin, Jr. (No. 4123)
                                                              Joseph J. McMahon, Jr. (No. 4819)
                                                              1204 N. King Street
                                                              Wilmington, Delaware 19801
                                                              Tel:  (302) 658-1100
                                                              Fax:  (302) 658-1300
                                                              jmcmahon@ciardilaw.com

                                                              *Special Counsel for the Chapter 7 Trustee*

**EXHIBIT A**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| Tri-Valley Corporation, *et al.*,[1] | Case No. 12-12291 (MFW) |
| Debtors. | |
| CHARLES A. STANZIALE, JR., in his capacity as the Chapter 7 Trustee of Tri-Valley Corporation, *et al.*, | Adversary Proceeding No. 14-50441 (MFW) |
| Plaintiff, | |
| v. | |
| Alliance Funding Group, Inc., | |
| Defendant(s). | |

### SETTLEMENT AGREEMENT AND MUTUAL RELEASE BY AND BETWEEN CHARLES A. STANZIALE, JR., AS CHAPTER 7 TRUSTEE AND ALLIANCE FUNDING GROUP, INC. AND WELLS FARGO FINANCIAL LEASING, INC.

This Settlement Agreement and Mutual Release ("the Settlement Agreement") is made by and between **Charles A. Stanziale, Jr.,** in his capacity as the duly appointed, qualified and serving Chapter 7 Trustee (the "Chapter 7 Trustee") for the above-captioned debtors (the "Debtors"), which cases are being jointly administered in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") under Case No. 12-1291 (MFW), **Wells Fargo Financial Leasing, Inc.** (as assignee of Alliance Funding Group, Inc. ("WFFL") and **Alliance Funding Group, Inc.** ("Alliance", and together with WFFL, the Chapter 7 Trustee and the Debtors, the "Parties"). The Parties, by and through their respective undersigned representatives, agree to the facts and terms of the Settlement Agreement as follows:

### RECITALS

---

[1] The Debtors in these cases are: Tri-Valley Corporation, Tri-Valley Oil & Gas, Co., and Select Resources Corporation, Inc.

**WHEREAS**, On August 7, 2012 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.

**WHEREAS**, On March 25, 2013, an Order was entered converting the Debtors' Chapter 11 bankruptcy cases to cases under Chapter 7 of the Bankruptcy Code.

**WHEREAS**, On March 26, 2013, a Notice of Appointment was filed by the Office of the United States Trustee appointing Charles A. Stanziale, Jr. as Chapter 7 Trustee with regard to the Debtors' cases.

**WHEREAS**, on or about On July 8, 2014 the Chapter 7 Trustee filed an Adversary Complaint (the "Complaint Demand") against Alliance, *inter alia*, return certain allegedly preferential transfers in the aggregate amount of **$5,930.75** (the "Transfers") that were received from the Debtors prior to the Petition Date and that may arguably be avoided pursuant to sections 547 and 550 of the Bankruptcy Code; and

**WHEREAS**, Alliance has denied liability for the repayment of the total amount of the Transfers and has asserted certain affirmative defenses to the avoidance and recovery of the Transfers; and

**WHEREAS**, the Parties wish to avoid the uncertainties and expense of further litigation and to settle and compromise on the terms set forth below any and all claims that the Chapter 7 Trustee may assert on behalf of the Debtors against Alliance or WFFL without admitting any liability therefore; and

**WHEREAS**, the Parties have had the opportunity to consult with counsel of their respective choice in connection with the matters raised in the Complaint Demand and this Settlement Agreement; and

2

**WHEREAS**, each of the Parties to this Settlement Agreement agrees to bear its own costs and expenses, including attorneys' fees, arising out of the matters raised in the Complaint Demand and this Settlement Agreement; and

**WHEREAS**, the Chapter 7 Trustee believes that the settlement provided for below is in the best interest of the Debtors' estates and falls within the range of reasonableness; and

**NOW, THEREFORE**, in consideration of the premises aforesaid and the mutual covenants herein contained, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

<u>AGREEMENT</u>

1.      <u>Recitals Incorporated</u>.  The recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full, and made a part of, this Settlement Agreement.

2.      <u>Settlement Payment</u>.  WFFL agrees to pay to the order of "Charles A. Stanziale, Jr., as Chapter 7 Trustee to Tri-Valley Corporation, <u>et al.</u>" the sum of **One Thousand Five Hundred Dollars ($1,500)** (the "<u>Settlement Payment</u>").  The Settlement Payment shall be paid so as to be received by the Trustee within ten (10) days following the "Effective Date" which is **fourteen (14) days** following the entry of an Order approving the terms of this Settlement Agreement (the "Approval Order"); provided, however, if the Approval Order is stayed prior to 14 days after its entry, the Effective Date shall not occur until such time as the stay is lifted and/or the reviewing court with proper jurisdiction affirms the Approval Order and no subsequent appeal is taken; provided further, that the parties to this Settlement Agreement agree to waive their respective rights to seek a stay of the Approval Order.  The Chapter 7 Trustee shall provide WFFL and Alliance with notice of the entry of the Approval Order.  The Settlement Payment shall be delivered to *McCarter & English, LLP, Attn: Clement Farley, Esq., Four Gateway Center, 100 Mulberry Street, Newark, NJ 07012.*

3

3.     **Effective Date**.  The Effective Date of this Settlement Agreement shall occur upon (i) execution of the Settlement Agreement by each of the Parties, (ii) confirmation by the Trustee that the Settlement Payment has cleared the Trustee's bank; and (iii) court approval of the Settlement Agreement (the "Effective Date").

4.     **Non-Occurrence of the Effective Date**.  In the event that the Settlement Payment is timely made but if for any reason Court approval is not obtained, the Chapter 7 Trustee shall immediately return the Settlement Payment proceeds to WFFL and this Settlement Agreement and the Releases set forth herein shall be considered null, void and of no effect.

5.     **Release by the Chapter 7 Trustee**.  Except for the obligations expressly set forth in this Settlement Agreement, on the Effective Date, in consideration of the releases set forth in this Settlement Agreement and the receipt of the Settlement Payment, the Chapter 7 Trustee, in both his individual capacity and on behalf of the Debtors, shall release and forever discharge WFFL and Alliance from any and all claims, claims for relief, demands, costs, expenses, damages, liabilities, and obligations of action of any nature whatsoever, liquidated or unliquidated, fixed or contingent, known or unknown, anticipated or unanticipated, or hereafter becoming known that were or could have been asserted in connection with the Debtors' bankruptcy cases, including but not limited to all claims and causes of actions arising under chapter 5 of the Bankruptcy Code.

6.     **Release by Alliance and WFFL**.  On the Effective Date, in consideration of the release set forth in paragraph 5 herein, Alliance and WFFL, on behalf of themselves and their representatives ("Releasors"), shall release and forever discharge the Debtors, the Chapter 7 Trustee and the Chapter 7 Trustee's agents, attorneys, representatives, employees, and the successors-in-interest ("Releasees") from any and all claims, claims for relief, demands, costs, damages, liabilities, and obligations of any nature regarding the Transfers whatsoever, liquidated or unliquidated, fixed or contingent, known or unknown, anticipated or unanticipated, or hereafter

4

becoming known, that were or could have been asserted in connection with the Transfers. For avoidance of doubt, the Release does not impact the prepetition claim WFFL may have against the estate.

7.    **Modifications to the Settlement Agreement**. This Settlement Agreement shall not be modified, altered, amended or vacated without the prior written consent of the Parties. Any motion or application brought before the Bankruptcy Court to resolve any dispute arising or related to this Settlement Agreement shall be brought on proper notice in accordance with the relevant Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court.

8.    **Counterparts**. This Settlement Agreement may be executed in any number of counterparts by the Parties on different counterpart signature pages, all of which taken together shall constitute one and the same agreement. Any of the Parties may execute this Settlement Agreement by signing any such counterpart and each of such counterparts shall for all purposes be deemed an original. This Settlement Agreement may be executed by facsimile and/or e-mail which shall have the same force and effect as an original signature.

9.    **Language Construed as Jointly Drafted by the Parties.** The Parties agree that each of them has had a full opportunity to participate in the drafting of this Settlement Agreement and, accordingly, any claimed ambiguity shall be construed neither for nor against either of the Parties.

10.    **Entire Agreement**. This Settlement Agreement is the entire agreement among the Parties and supersedes all other prior agreements, understandings, or discussions, both written and oral, among the Parties in respect of the subject matter hereof.

11.    **Successors and Assigns.** This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto, and their respective executors, heirs, successors and assigns.

5

12.    **Further Assurances**.  From time to time, upon request, the Parties will, without further consideration, promptly execute, deliver, acknowledge and file all such further documents agreements, certificates and instruments and to do such further acts as the persons or entities entitled to the benefit of this Settlement Agreement may reasonably require to evidence or effectuate the transactions contemplated by this Settlement Agreement.

13.    **Illegality**.  If any provision of this Settlement Agreement is held to be illegal, void or unenforceable, such provision shall be of no force or effect.  However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision in this Settlement Agreement.  Notwithstanding the foregoing, upon any finding by any court of competent jurisdiction that any release provided for in this Settlement Agreement is illegal, void or unenforceable, each of the Parties agree, promptly upon the request of the other Party hereto, to execute a release that is legal and enforceable.

14.    **Governing Law/Jurisdiction**.    EXCEPT TO THE EXTENT (IF ANY) GOVERNED BY THE BANKRUPTCY CODE, THE SETTLEMENT AGREEMENT AND THE RIGHTS AND DUTIES OF THE PARTIES HEREUNDER SHALL BE GOVERNED BY AND CONSTRUED, ENFORCED AND PERFORMED IN ACCORDANCE WITH THE LAW OF THE STATE OF DELAWARE WITHOUT GIVING EFFECT TO PRINCIPLES OF CONFLICTS OF LAWS THAT WOULD REQUIRE THE APPLICATION OF LAWS OF ANOTHER JURISDICTION.  THE PARTIES ACKNOWLEDGE AND AGREE THAT THE BANKRUPTCY COURT SHALL HAVE THE EXCLUSIVE JURISDICTION OVER THIS SETTLEMENT AGREEMENT AND THAT ANY CLAIMS ARISING OUT OF OR RELATED IN ANY MANNER TO THIS SETTLEMENT AGREEMENT SHALL BE PROPERLY BROUGHT ONLY BEFORE THE BANKRUPTCY COURT AND CONSENTS TO SUCH BANKRUPTCY

6

COURT'S POWER TO HEAR AND DETERMINE ALL SUCH CLAIMS AS A CORE PROCEEDING.

15. **No admission of liability**. This Settlement Agreement is in compromise of disputed claims between the Parties, and shall not be construed as an admission by the Parties or by any of their respective present or former directors, officers, employees or agents, of a violation of any federal, state, or local statute, regulation, judicial doctrine, or other law, or a violation of any right, or breach of any duty, obligation or contract. All communications (whether oral or in writing) between and/or among the Parties, their respective counsel and/or other respective representatives relating to, concerning or in connection with this Settlement Agreement, or the matters covered hereby and thereby, shall be governed and protected in accordance with the Federal Rule of Evidence 408 and all other similar rules and laws to the fullest extent permitted by law, and no Party hereto shall seek to admit this Settlement Agreement into evidence against any other party hereto, except in an action to enforce or interpret the terms of this Settlement Agreement.

16. **Captions**. The captions of this Settlement Agreement are for convenience only and are not a part of this Settlement Agreement and do not in any way limit or amplify the terms and provisions of this Settlement Agreement and shall have not effect on its interpretation.

17. **Acknowledgment of the Parties**. Each of the Parties acknowledges that: (i) it has relied on this own independent investigation, and has not relied on any information or representations furnished by any other Party or any representative or agent thereof in determining whether or not to enter into this Settlement Agreement (other than the representations set forth in this Settlement Agreement); (ii) it has conducted its own due diligence in connections therewith, as well as undertaken the opportunity to review information, ask questions and receive satisfactory answers concerning the terms and conditions of this Settlement Agreement; and (iii) it possesses the

7

knowledge, experience and sophistication to allow it to fully evaluate and accept the merits and risks of entering into the transactions contemplated by this Settlement Agreement.

8

18.    **Authorization**.  The person executing this Settlement Agreement on behalf of each respective Party warrants and represents that she or he is authorized and empowered to execute and deliver this Agreement on behalf of such Party.

By: _____
    Joseph J. McMahon, Jr., Esq. (No. 4819)
    CIARDI CIARDI & ASTIN
    1204 n. King Street
    Wilmington, DE  19801
    T:  302-658-1100
    Email: jmcmahon@ciardilaw.com

    *Attorneys for the Chapter 7 Trustee of*
    *Tri-Valley Corporation, et al.*

By: _____
    Kathleen M. Miller, Esq. (No. 2898)
    Smith, Katzenstein & Jenkins, LLP
    800 Delaware Avenue, 10th, Floor
    P.O. Box 410
    Wilmington, DE 19899 (19801 courier)
    T: 302-652-8400, ext. 203
    Email: kmiller@skjlaw.com

    *Attorneys for Wells Fargo Financial*
    *Leasing, Inc.*

Dated: March __, 2015

Dated: March __, 2015

By: _____
    Mark M. Scott, Esq.
    BuchalterNemer
    18400 Von Karman Avenue, Suite 800
    Irvine, CA  92612-0514
    (949) 224-6217
    Email:  mscott@buchalter.com

    *Attorneys for Alliance Funding Group, Inc.*

Dated: March __, 2015

9

18.    **Authorization**.  The person executing this Settlement Agreement on behalf of each respective Party warrants and represents that she or he is authorized and empowered to execute and deliver this Agreement on behalf of such Party.

By: _____  By: _____
    Joseph J. McMahon, Jr., Esq. (No. 4819)      Kathleen M. Miller, Esq. (No. 2898)
    CIARDI CIARDI & ASTIN      Smith, Katzenstein & Jenkins, LLP
    1204 n. King Street      800 Delaware Avenue, 10th, Floor
    Wilmington, DE  19801      P.O. Box 410
    T: 302-658-1100      Wilmington, DE 19899 (19801 courier)
    Email: jmcmahon@ciardilaw.com      T: 302-652-8400, ext. 203
        Email: kmiller@skjlaw.com

    *Attorneys for the Chapter 7 Trustee of*      *Attorneys for Wells Fargo Financial*
    *Tri-Valley Corporation, et al.*      *Leasing, Inc.*

Dated: March __, 2015  Dated: March __, 2015

By: _____
    Mark M. Scott, Esq.
    BuchalterNemer
    18400 Von Karman Avenue, Suite 800
    Irvine, CA  92612-0514
    (949) 224-6217
    Email:  mscott@buchalter.com

    *Attorneys for Alliance Funding Group, Inc.*

Dated: March 27, 2015

9

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| | :    Chapter 7 |
| Tri-Valley Corporation, *et al.*,[1] | : |
| | :    Case No. 12-12291 (MFW) |
| Debtors. | : |
| | : |
| | : |
| CHARLES A. STANZIALE, JR., in his | : |
| capacity as the Chapter 7 Trustee of Tri- | : |
| Valley Corporation, *et al.*, | : |
| | : |
| Plaintiff. | : |
| | : |
| v. | : |
| | : |
| Alliance Funding Group, Inc., | :    Adv. Pro. No. 14-50441 (MFW) |
| | : |
| Defendant. | :    **Re: Docket No(s). _____** |
| | : |
| | : |

## ORDER GRANTING TRUSTEE'S MOTION FOR APPROVAL OF
## SETTLEMENT OF AVOIDANCE ACTION PURSUANT TO FED. R. BANKR. P. 9019

Upon consideration of the motion filed by Charles A. Stanziale, Jr., (the "Trustee"), the

Chapter 7 Trustee of the estates of Tri-Valley Corporation, et al (the "Debtors"), through his

attorneys, for approval pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure

and 11 U.S.C. § 105, of the Trustee's Settlement[2] (the "Settlement") Alliance Funding Group,

Inc. ("Alliance") and Wells Fargo Financial Leasing, Inc. ("WFFL") (together, the "Settling

Parties"); and the Court finding that it has jurisdiction over this matter pursuant to 28 U.S.C. §

1334 and that this matter is a core proceeding as that term is defined in 28 U.S.C. § 157(b)(2);

and the Court further finding that notice of the motion and the hearing on the motion was served

---

[1] The Debtors in these cases are: Tri-Valley Corporation, Tri-Valley Oil & Gas, Co., and Select Resources Corporation, Inc.

[2] Capitalized terms used herein shall have the meaning given in the Motion unless otherwise noted.

on counsel to the Settling Parties, and all persons and entities who have requested notice pursuant to Bankruptcy Rule 2002 more than twenty (21) days prior to the hearing on the motion, which notice is adequate and appropriate under the circumstances and no other or further notice is necessary or required under the circumstances; and the Court further finding that good and sufficient cause exists for granting the relief requested in the motion; therefore, after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1.      The motion is granted in its entirety;

2.      The Settlement is approved;

3.      The Trustee is authorized and empowered to take such actions as may be reasonably necessary to implement and effectuate the terms of the Settlement; and

4.      This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order and the Settlement approved herein.


Dated:  April _____, 2015
        Wilmington, Delaware

                                    _____
                                    The Honorable Mary F. Walrath
                                    United States Bankruptcy Judge

## CERTIFICATE OF SERVICE

I, Joseph J. McMahon, Jr., hereby certify that on March 27, 2015, I caused a true and correct copy of the foregoing *Trustee's Motion for Approval of Settlement of Avoidance Action Pursuant to Fed. R. Bankr. P. 9019* to be served on the persons listed on the attached service list by U.S. Mail, postage pre-paid.

*/s/ Joseph J. McMahon, Jr.*
Joseph J. McMahon, Jr. (DE #4819)

William F. Taylor
Kate R. Buck
McCARTER & ENGLISH, LLP
Renaissance Centre, 405 N. King Street, 8th Floor
Wilmington, Delaware 19801

Adam G. Landis, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801

Charles A. Dale, III, Esq.
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950

Jared S. Hawk, Esq.
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222

Luke Anderson, Esq.
K&L Gates LLP
1900 Main Street, Suite 600
Irvine, CA 92614-7319

Robert S. Brady, Esq.
Young, Conaway, Stargatt & Taylor
1000 North King Street
Wilmington, DE 19801

Tiiara Patton, Esq.
United States Trustee
844 King Street, Room 2207
Lockbox #35
Wilmington, DE 19899-0035

Tri-Valley Corporation, Debtor
Attn: Maston N. Cunningham
11514 Finsbury Court,
Bakersfield, CA  93312

Don A. Beskrone, Esq.
Gregory A. Taylor, Esq.
Amanda M. Winfree, Esq.
Ashby & Geddes, P.A.
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801

Richard A. Robinson, Esq.
J. Cory Falgowski, Esq.
Reed Smith LLP
1201 Market Street, Suite 1500
Wilmington, DE 19899

Frederick B. Rosner, Esq
Scott L. Leonhardt, Esq.
The Rosner Law Group LLC
824 Market Street, Suite 810
Wilmington, DE 19801

Andrew M. Troop, Esq
David S. Forsh, Esq.
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY 10036-4039

Patricia W. Prewitt, Esq.
Law Office of Patricia Williams Prewitt
10953 Vista Lake Court
Navasota, TX 77868

Catherine D. Meyer, Esq
Pillsbury Winthrop Shaw Pittman LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406

E1 15432254v.2

George Bean
Opus Special Committee
11393 S.W. Riverwood Road
Portland, OR 97219

Carol M. Burke, Esq
Reed Smith LLP
811 Main Street, Suite 1700
Houston, Texas  77002

Richard A. Robinson, Esq.
J. Cory Falgowski, Esq.
Reed Smith LLP
1201 Market Street, Suite 1500
Wilmington, Delaware 19801

Carol M. Burke, Esq.
Reed Smith LLP
811 Main Street, Suite 1700
Houston, TX 77002

Mark E. Felger, Esq.
Barry M. Klayman, Esq.
COZEN O'CONNOR
1201 N. Market Street, Suite 1001
Wilmington, DE 19801

Lynn K. Neuner, Esq.
Simpson Thatcher
425 Lexington Avenue
New York, NY  10017

Susan N.K. Gummow
Foran Glennon Palendech Ponzi & Rudloff
222 N. LaSalle Street, Suite 1400
Chicago, IL 60601

Jesse N. Silverman
Dilworth Paxson LLP
1500 Market Street
Suite 3500E
Philadelphia, PA 19102

Stanley B. Tarr
Blank Rome LLP
1201 North Market Street
Suite 800
Wilmington, DE 19801

Aaron S. Applebaum
McElroy, Deutsch, Mulvaney & Carpenter,
300 Delaware Ave.
Suite 770
Wilmington, DE 19801

Bruce E. Jameson, ESQ
Prickett, Jones & Elliott
1310 King Street
Wilmington, DE 19801

Kathleen M. Miller
Smith, Katzenstein & Jenkins, LLP
800 Delaware Avenue, 10th Floor
P.O. Box 410
Wilmington, DE  19899

Mark M. Scott, Esq.
BuchalterNemer
18400 Von Karman Avenue, Suite 800
Irvine, CA  92612-0514